UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLINTON L. MOORMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0640 (ABJ) |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Clinton L. Moorman has filed a complaint against the United States, F.B.I., D.E.A., and other unnamed defendants.[1] Plaintiff contends that defendants have "allowed illegal drugs to flourish in Drug [*sic*] markets" in violation of "federal laws."[2] Compl. at 1. In addition, plaintiff alleges "negligence, racketeering, Gross Negligence, Corruption of offices and officers, Invasion of privacy, . . . undue influence, undue influence by subliminal electronic suggestion and surveillance, [and] theft of intellectual property" by defendants. *Id.* Plaintiff further maintains that he has "been robbed numerous times even by police," that he is "illegally profiled and continuously surveilled by authorities," and that "authorities" have tampered with his mail. *Id.* at 2. Finally, plaintiff claims he has "been obstructed from justice," prevented from filing court documents, and that his "documents" have not been "properly entertained." *Id.*

---

[1] Plaintiff's "Supplement" to his complaint additionally names the Office of National Drug Control Policy. Compl. at 4.

[2] Plaintiff's complaint does not specify which statutes defendants have allegedly violated. The Court notes, however, that plaintiff indicated on his Civil Cover Sheet that his cause of action arose under 42 U.S.C. § 1983. This statute applies only to state officials. *See Wyatt v. Cole*, 503 U.S. 158, 161 (1992) (citation omitted) ("The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights . . . ."). As plaintiff names only the United States and federal agencies as defendants, a section 1983 claim is not available to him.

Plaintiff seeks $100 million in damages. *Id.* at 3. He further asks this Court to "end the harassment and invasion of privacy," to allow his cases in Florida, Texas, and California to be "justly heard," and to prevent the sale and abuse of drugs in "states like Colorado and California that allow drug use by prescription." *Id.* at 2-3. Lastly, he requests that his record "in Florida and elsewhere" be expunged and that this Court "stop the breakins to [his] residences." *Id.* at 3.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In addition, "'[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*.'" *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

A district court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010), citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983). Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v.*

*Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous") (internal citations and quotation marks omitted); *see, e.g., Peters v. Obama*, Misc. No. 10-0298, 2010 WL 2541066 (D.D.C. June 21, 2010) (*sua sponte* dismissing complaint alleging that President Obama had been served with and failed to respond to an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," requiring the plaintiff's immediate release from a correctional institution).

Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in the present case present "no federal question suitable for decision." *Best*, 39 F.3d at 330. Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: October 16, 2013
